[No. 28003. Department One. July 5, 1940.]

A. HUSTON, *Appellant,* v. WASHINGTON WOOD & COAL COMPANY, *Respondent.*[1]

[1]Reported in 103 P. (2d) 1095.

William C. *Taylor* and *Alexander L. Cain,* for appellant.

*William A. Herren* and *S. H. Kelleran,* for respondent.

MILLARD, J.—The Washington Wood and Coal Company, a domestic corporation, is engaged in the solid fuel business in the city of Seattle. Plaintiff was employed during the late spring of 1936 as a yard worker by the fuel company. Approximately a month later plaintiff began driving a truck for his employer. He first received $2.50 daily which was increased by his employer to $4.00 a day within a month or two after he commenced to work.

On January 1, 1936, the fuel company entered into a contract with the International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America, Local No. 174, under the terms of which the employer fuel company agreed to a base rate of pay of $5.50 for an eight-hour day to its truck drivers. On January 1, 1937, by mutual agreement of the parties to the contract, the base rate of pay was increased to $6.25 a day.

In the latter part of 1936, plaintiff joined the teamsters' union. He continued to work as a truck driver in the wholesale or industrial division of the fuel company—he continued to perform some yard work labor—until October, 1938, when he was laid off for the reason that there was not sufficient work.

During this period of more than two years, plaintiff accepted each Saturday a voucher check containing the clause, "endorsement of this check is acknowledgment

of payment account in full as follows." Appellant endorsed and cashed each of the checks and never protested to his employer as to the amount or rate of compensation. He did not demand an increase, nor did he claim that the union scale fixed by the contract between the teamsters' union and his employer governed the amount of his pay. He never complained to his union, nor did his union ever intercede with the employer in behalf of this employee. Plaintiff testified that each Saturday the employees, including himself, exhibited their pay checks to each other, discussed their rates of wages and changes therein and the part played by the union in effecting changes. He explained that his acceptance of the check each week without remonstrance or argument was because of his understanding that it was a matter to be handled by the union, to which he made no complaint.

Plaintiff did not claim, until after his employment by the fuel company ceased, that he was entitled to recover wages under the contract between his employer and the teamsters' union.

On May 18, 1939, plaintiff commenced an action against the fuel company in which he alleged that he was directed by defendant's manager to begin driving one of the defendant's trucks under an oral agreement with defendant obligating the employer to pay to the plaintiff $4.00 daily for such work, and that he was paid on that basis throughout his term of service from early in 1936 until October 15, 1938, when he left defendant's employ. Defendant admitted that the original contract made by plaintiff with defendant was for payment of $4.00 daily for his service. There is no allegation of any breach of that contract.

Plaintiff further alleged the execution of a contract between the teamsters' union and the defendant whereby defendant agreed to pay to its employees $6.25

daily for operating a truck like that driven by the plaintiff; that, in violation of the terms of that contract, defendant refused to pay to plaintiff the scale of wages fixed by the contract of defendant with the teamsters' union. Plaintiff prayed recovery of the difference between the amount paid to him and the amount claimed to be due him under the defendant's contract with the teamsters' union. Trial of the cause to the court resulted in entry of judgment dismissing the action. Plaintiff appealed.

Appellant contends that he is entitled to recovery under the third party beneficiary theory, which permits the individual member of a union to enforce rights accruing to such individual as result of contract between the employer and the union.

Appellant's theory that the contract entered into between respondent and the labor union was for the benefit of each member of the union who joined the union either before or subsequent to the execution of the contract, is in harmony with the authorities to the effect that a contract made by a labor union with an employer for the benefit of employees may be enforced by an employee even if not mentioned by name in that contract. 63 C. J. 671. However, such contract would not *ipso facto* abrogate a prior agreement of an employer with an employee, notwithstanding the fact that the employee subsequently joined the union in question. A member of the contracting union, or a nonmember who later joined the union, could not be divested, without his consent, of the right to continue to work under a different contract with his employer.

After a contract for the benefit of a third person has been accepted or acted on by such third person beneficiary, the contract can not be rescinded by the parties without his consent. It follows, as an immediate corrollary, that such third party beneficiary can

not be compelled to accept or act on the contract made for his benefit. He may forego his opportunity for benefits under that contract and continue to work under another agreement with his employer and accept the compensation stipulated in that agreement.

The union scale provision in the contract between the teamsters' union and the respondent was never recognized by the appellant, by the respondent, or by the teamsters' union as applicable to appellant, who continued to work under the terms of another agreement. The first notice respondent had of any claim of compensation under the union contract was when this action was commenced. Conceding, for the sake of argument, that, under the terms of the union contract, appellant would have been entitled to the compensation he claims, he has by his conduct estopped himself from claiming compensation under that contract. *Herman v. Golden Arrow Dairy, Inc.,* 191 Wash. 582, 71 P. (2d) 581.

The judgment is affirmed.

BLAKE, C. J., STEINERT, ROBINSON, and SIMPSON, JJ., concur.